# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHRISTINE VAZQUEZ,

    Plaintiff,

        v.

DELANOR KEMPER & ASSOCIATES,

    Defendant.

───────────────────────────────────────────────

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

───────────────────────────────────────────────

**PLAINTIFF'S COMPLAINT**

CHRISTINE VAZQUEZ, Plaintiff, through her attorneys, KROHN & MOSS, LTD., alleges the following against DELANOR KEMPER & ASSOCIATES, Defendant:

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

1

abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, lawyers, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Colorado, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person residing in Denver, Denver County, Colorado, and is

allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

10. Defendant is a collection agency located in Atlanta, Georgia.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (See Exhibit A).

14. Defendant called Plaintiff 6 times on January 21, 2010 (See Exhibit A).

15. Defendant calls Plaintiff from the following numbers: 678-500-8453, 678-500-8455.

16. Defendant calls Plaintiff on her cell phone at 720-840-6112.

17. Defendant's collector, "Curtis," called Plaintiff and informed her that there is a case pending against her for "check fraud." To date, Plaintiff has not received notice of a pending lawsuit by written notification.

18. Defendant did not send Plaintiff a debt validation letter. To date, Plaintiff has not received any written correspondence from Defendant.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass and abuse the Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692e(2)(A)* of the FDCPA by false representing the character and legal status of Plaintiff's debt.

    d. Defendant violated *§1692e(5)* of the FDCPA by threatening to take legal and action against Plaintiff even though Defendant has not and does not intend to take such action.

    e. Defendant violated *§1692e(7)* of the FDCPA by implying that Plaintiff committed check fraud in order to disgrace Plaintiff.

    f. Defendant violated *§1692f* of the FDCPA by engaging in unfair and unconscionable means in an attempt to collect a debt.

    g. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the

validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, CHRISTINE VAZQUEZ, respectfully requests judgment be entered against Defendant, DELANOR KEMPER & ASSOCIATES, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE THAT, Plaintiff, CHRISTINE VAZQUEZ, requests a jury trial in

5

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

this case.

DATED:  February 9, 2010             KROHN & MOSS, LTD.


                                By:   /s/ Nicholas J. Bontrager

                                      Nicholas J. Bontrager, Esq.
                                      Krohn & Moss, Ltd.
                                      10474 Santa Monica Blvd., Ste. 401
                                      Los Angeles, CA 90025
                                      Ph: (323) 988-2400; Fx: (866) 802-0021
                                      nbontrager@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF COLORADO

Plaintiff, CHRISTINE VAZQUEZ, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTINE VAZQUEZ, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 01/30/2010

CHRISTINE VAZQUEZ

**EXHIBIT A**

## Call Log:

Date&Time (MST):    From Whom:              Phone#/Type:            Forwarded

01/21/2010, 01:27pm    Delanor Kemper Assoc    678-500-8453; NO MSG
01/21/2010, 01:39pm    Delanor Kemper Assoc    678-500-8453: OUTBOUND
01/21/2010, 01:56pm    Delanor Kemper Assoc    678-500-8455: OUTBOUND
01/21/2010, 01:49pm    Delanor Kemper Assoc    678-500-8453: RECIEVED
01/21/2010, 01:59pm    Delanor Kemper Assoc    678-500-8453: RECIEVED
01/21/2010, 02:15pm    Delanor Kemper Assoc    678-500-8453: OUTBOUND
01/23/2010; 09:46am    Delanor Kemper Assoc    678-500-8455; NO MSG

(RED=Missed; Grey=Outbound, Black=Inbound)